UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIJKSTRA,<br><br>   Plaintiff,<br><br>   v.<br><br>I. CAMPOS GARCIA,<br><br>   Defendant. | Case No. 1:22-cv-00310-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 1:21-cv-01223<br><br>THIRTY-DAY DEADLINE |

   Cody Dijkstra ("Plaintiff") is a state prisoner proceeding *pro se* in this in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 17, 2022. (ECF No. 1). As it appears that Plaintiff filed a complaint against the same defendant based on identical allegations in Dijkstra v. Campos, E.D. CA, Case No. 1:21-cv-01223, on August 12, 2021 (ECF No. 1), the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of Case No. 1:21-cv-01223.

   "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

   "To determine whether a suit is duplicative, we borrow from the test for claim

1

preclusion." Adams, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." Adams, 497 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

On August 12, 2021, Plaintiff filed a complaint in the Eastern District of California which is proceeding in Dijkstra v. Campos, Case No. 1:21-cv-01223. In that action, Plaintiff's First Amended Complaint is awaiting screening.

In both that action and in this action, Plaintiff alleges that defendant Campos Garcia hit him in the head with his pepper spray canister, and in both cases Plaintiff brings an excessive force claim against defendant Campos Garcia. These claims appear to be identical.

In this case Plaintiff also brings a claim for a threat to his safety. It is not clear if this claim is duplicative of the claim(s) brought in Dijkstra v. Campos, Case No. 1:21-cv-01223, in large part because the entire claim is one sentence. In full, the claim states "They put me back on the same yard after they assalted [sic] me." (ECF No. 1, p. 4).

As Plaintiff's excessive force claim appears to be identical to the excessive force claim Plaintiff brought in Dijkstra v. Campos, E.D. CA, Case No. 1:21-cv-01223, and as Plaintiff's threat to safety claim appears to be related to his excessive force claim, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of the claims brought in Case No. 1:21-cv-01223.

Accordingly, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed as duplicative of Case No. 1:21-cv-01223; and
2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 22, 2022**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE